OPINION
{¶ 1} Defendant-appellant Robert Vera ("Vera") brings this appeal from the judgment of the Bellefontaine Municipal Court denying his motion to dismiss for a speedy trial violation.
 {¶ 2} On May 3, 2003, Vera was arrested for several violations, with the most serious being Driving Under the Influence of Alcohol, a first degree misdemeanor. Bond was set, but Vera was unable to post it and remained in jail. The trial was set for June 10, 2003. Thereafter, Vera requested a pretrial conference. On June 10, 2003, Vera filed a motion to dismiss claiming that the State had violated his right to a speedy trial. The motion was overruled. A new trial date was set for June 25, 2003. Prior to trial, Vera then entered a no contest plea and was found guilty of driving under the influence of alcohol. It is from this judgment that Vera appeals and raises the following assignment of error.
The trial court erred in denying [Vera's] motion to dismiss onthe grounds of a speedy trial violation, where [Vera] spent 38days in jail in lieu of bond awaiting trial.
 {¶ 3} This court notes that the State has chosen not to file a brief in response to Vera's assignment of error.
If an appellee fails to file the appellee's brief within thetime provided by this rule, or within the time as extended, theappellee will not be heard at oral argument except by permissionof the court upon a showing of good cause submitted in writingprior to argument; and in determining the appeal, the court mayaccept the appellant's statement of the facts and issues ascorrect and reverse the judgment if appellant's brief reasonablyappears to sustain such action.
App.R. 18.
 {¶ 4} In this case, Vera was incarcerated for 38 days prior to his originally scheduled trial. Pursuant to Ohio law, Vera had to be brought to trial within 90 days of his arrest. R.C.2945.71(B). "For purposes of computing time * * *, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Since Vera was held in jail for 38 days in lieu of bond, this is equivalent to 114 days in prison at the time the motion to dismiss was filed, or a period of incarceration 24 days longer than permitted by statute. "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71]." R.C. 2945.73(B). Vera's trial was not even scheduled to occur until the allowed time had passed. Vera's actions did not delay the trial. A motion for a pretrial conference made after the setting of a trial date outside the statutory time limits cannot be used to extend the statutory time limits. Thus, the State failed to comply with the speedy trial requirements and the trial court should have dismissed the charges upon motion. The assignment of error is sustained.
 {¶ 5} The judgments of the Bellefontaine Municipal Court are reversed and the defendant is ordered discharged.
Judgments reversed and defendant discharged.
Shaw, P.J., and Cupp, J., concur.